Matter of O'Leary (2019 NY Slip Op 06773)





Matter of O'Leary


2019 NY Slip Op 06773


Decided on September 25, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
JEFFREY A. COHEN, JJ.


2018-04323

[*1]In the Matter of Dennis A. O'Leary, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Dennis A. O'Leary, respondent. (Attorney Registration No. 1916691)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The Grievance Committee served the respondent with a notice of petition dated March 27, 2018, and a verified petition dated March 20, 2018. The respondent served and filed a verified answer dated July 13, 2018. Subsequently, the Grievance Committee served and filed a statement of disputed and undisputed facts dated July 23, 2018, which was not challenged by the respondent. By decision and order on motion of this Court dated September 5, 2018, the issues raised were referred to the Honorable John Kase, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 28, 1984.



Catherine A. Sheridan, Hauppauge, NY (Robert H. Cabble of counsel), for petitioner.
Dennis A. O'Leary, Westbury, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated March 20, 2018, containing three charges of professional misconduct. After a pretrial conference on September 27, 2018, and a hearing on October 30, 2018, the Special Referee issued a report dated December 3, 2018, sustaining all charges. The Grievance Committee now moves for an order confirming the report of the Special Referee, imposing such discipline upon the respondent as the Court deems appropriate, and for such other relief as the Court may seem just and equitable. Although duly served with the Grievance Committee's motion, the respondent has not submitted papers in response or requested additional time in which to do so.
Charge one alleges that the respondent misappropriated client funds, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0). At all times relevant herein, the respondent maintained an attorney escrow account at Citibank titled "O'Leary & O'Leary" (hereinafter the escrow account).
On March 11, 2016, the respondent, as attorney for the seller in a real estate transaction, Mark Cotone, deposited a $14,125 down payment into his escrow account. After making this deposit, the balance in the respondent's escrow account was $14,136.33. While entrusted with the Cotone down payment, between March 11, 2016, and May 13, 2016, the respondent issued to himself 24 checks from the escrow account, totaling $11,491. None of these checks issued were in relation to the Cotone transaction. By virtue of the disbursements to himself, the balance in the respondent's escrow account fell below the amount he was required to maintain for the Cotone transaction on 24 dates, from March 14, 2016, through May 16, 2016.
After the Cotone closing, on or about May 16, 2016, the respondent disbursed the proceeds of sale to his client by escrow check no. 8033 in the sum of $13,125. On May 24, 2016, [*2]this check was returned by Citibank because there were insufficient funds in the escrow account. A few days later, on May 26, 2016, the respondent deposited personal funds in the sum of $7,170 into the escrow account, and that same day paid Cotone $9,600, via wire transfer from the escrow account. On June 1, 2016, the respondent deposited an additional $3,611 in personal funds into the escrow account, and that same day paid Cotone $3,561, via wire transfer from the escrow account. The respondent made no further payments to Cotone.
Charge two alleges that the respondent commingled client funds with his own funds in the escrow account, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0).
In addition to the factual specifications supporting charge one, from June 17, 2016, through August 19, 2016, the respondent deposited personal funds into the escrow account, as follows:
DateAmount 
June 17, 2016$7,165
June 24, 2016$ 65
June 30, 2016$ 380
August 19, 2016 $ 400
Additionally, between June 17, 2016, and September 16, 2016, the respondent issued disbursements from the escrow account for personal purposes unrelated to his practice of law, as follows:
Date Amount 
June 17-21, 2016 (five checks) $6,631
June 25, 2016 $ 250
July 6, 2016 $1,165
July 11, 2016 $ 110
September 16, 2016$ 20
By virtue of the foregoing, charge three alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
The Special Referee filed a report dated December 3, 2018, in which he sustained all charges, noting that the respondent had admitted the charges, and that he had used the escrow monies for personal reasons. The Special Referee further reported that the respondent expressed remorse for his actions.
In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained all charges. Accordingly, the Grievance Committee's unopposed motion to confirm the report of the Special Referee is granted.
In determining the appropriate measure of discipline, the record confirms that the respondent failed to honor his obligation as a fiduciary and to abide by the rules governing the maintenance of an attorney's special account. Within days of receiving the down payment funds for the Cotone transaction, the respondent began withdrawing those funds for personal purposes. Over the course of two months, the respondent issued to himself 24 checks, intentionally misappropriating $11,491 that should have remained on deposit in his escrow account for the Cotone transaction. After the closing, the respondent attempted to disburse the sale proceeds to Cotone, however that escrow check was returned by his bank for insufficient funds. Thereafter, he deposited personal funds into the escrow account and made two separate wire transfers to reimburse his client. Additionally, he has admitted to commingling personal funds in the escrow account. We have also considered, as an aggravating factor, the respondent's disciplinary record, which indicates that he has received two Letters of Caution.
Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of three years.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and COHEN, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Dennis A. O'Leary, is suspended from the practice of law for a period of three years, commencing October 25, 2019, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than March 25, 2022. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Dennis A. O'Leary, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Dennis A. O'Leary, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Dennis A. O'Leary, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court